| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | | **United States District Court, Northern District of Illinois** | | |
| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | | |
| CASE NUMBER | 02 C 2051 | DATE | 10/7/2003 | |
| CASE TITLE | Michael L. Cox vs. Home Depot U.S.A., Inc. | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motions for Summary Judgment [27-1] and [51-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the Defendant's Motions for Summary Judgment [27-1] and [51-1] are GRANTED in their entirety. All other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT - 8 2003 | |
| | Notified counsel by telephone. | date docketed | 62 |
| X | Docketing to mail notices. | 15 | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| slf (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. COX, | ) | No. 02 C 2051 |
| | ) | |
| Plaintiff | ) | |
| | ) | HONORABLE DAVID H. COAR |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., Inc., | ) | |
| | ) | |
| Defendant | ) | |

DOCKETED
OCT - 8 2003

### Memorandum Opinion and Order

Plaintiff Michael Cox ("Plaintiff" or "Cox") is suing his former employer, Home Depot U.S.A., Inc. ("Home Depot"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981. Before this Court are Home Depot's Motions for Summary Judgment alleging that; (1) Cox's Complaint is untimely and therefore barred under the Equal Employment Opportunity Commission ("EEOC") 90-day filing requirement; and (2) Cox fails to establish a prima facie case of employment discrimination. For the following reasons, the Court GRANTS Home Depot's motions for summary judgment in their entirety.



## I. Factual Background

Unless otherwise noted, the following facts are undisputed and are taken from the parties' Local Rule 56.1 materials. Cox is an African-American man who worked for Home Depot for two different periods; (1) April 5, 1996 until May 23, 1996; and (2) October 7, 1996 until June 10, 1997. Defendant Home Depot is an out-of-state corporation that operates home improvement stores throughout the Chicago land area.

### A. Cox's Initial Employment With Home Depot (April and May of 1996)

On April 5, 1996, Cox began his employment with Home Depot as a part-time Lot Associate, earning $6.00 per hour. Cox's primary responsibilities included assisting customers with merchandise, and loading and retrieving carts from Home Depot's parking lot. (Cox Dep. Tr. p. 35).[1] Home Depot terminated Cox's employment on May 23, 1996, due to Cox's unauthorized use of a forklift, which resulted in damage to Home Depot property.

### B. Cox's Second Employment Period With Home Depot (October 1996-June 1997)

Cox re-applied for employment with Home Depot on or around October 7, 1996, as he was eligible for rehire. On October 7, 1996, Home Depot rehired Cox as a full-time associate in the Floor & Wall Department, at a pay rate of $6.00 per hour. On November 4, 1996, Cox transferred to Home Depot's Electrical Department. Cox's primary responsibility in the Electrical Department was to assist customers in locating the appropriate electrical outlets for holiday lighting. (Cox. Dep. Tr, pp.38-39). Cox's pay rate remained at $6.00 per hour.

On February 10, 1997, Cox transferred from the Electrical Department to Night Crew

---

[1] "Cox Dep. Tr." refers to the Deposition Transcript of Michael L. Cox.

Associate, after a request from Tracey Benson ("Benson"), the Assistant Store Manager responsible for night crew workers. (Cox. Dep. Tr., pp. 40-42). Cox's primary responsibilities on the night shift included operating a forklift, reach truck, and order pickers, in order to move merchandise. (Pl. Addtl. Facts, ¶ 7).[2] Cox believed that this move to the night shift would result in a subsequent pay raise. (Cox Dep. Tr., pp. 42-44). However, Cox's pay rate remained at $6.00 per hour. On numerous occasions, the Plaintiff asked Benson about a pay increase, which Cox believed was part of the compensation for night shift associates. (Cox. Dep. Tr. pp. 44-51). These conversations did not result in a pay raise for Cox.

Subsequently, Cox approached Mark Glasco ("Glasco"), the Store Manager, to inquire about a pay increase. Cox's conversations with Glasco did not result in a pay raise. (Cox Dep. Tr., pp. 52-53). Cox had one final meeting with Charles Walker, the distribution manager of Home Depot. (Cox Dep. Tr., pp. 55-56). As with the other meetings that Cox had with Home Depot managers, this meeting did not result in a pay raise for Cox. Id. On June 10, 1997, Cox voluntarily terminated his employment with Home Depot.

## II. Home Depot's Motion for Summary Judgment For Failure to File A Timely Claim

### A. Procedural Background

On July 29, 1997, Cox filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). Cox's charge of discrimination was cross-filed with the EEOC. Cox's charge of discrimination alleged that Home Depot discriminated against him on the basis of his

---

[2] "Pl. Facts" refers to Plaintiff Cox's Local Rule 56.1(b)(3)(B) Statement of Additional Facts that Require Denial of Defendant Home Depot U.S.A.'s Motion for Summary Judgment.

-3-

race by paying him less than similarly situated Caucasian employees, and by failing to increase Cox's wage when he transferred to the night shift. In his charge of discrimination, Cox indicated that his address was 1923 E. 93rd, 1st Fl., Chicago, Illinois 60617 (the "East 93rd Street Address"). Subsequent to filing his charge of discrimination, Cox moved two additional times; 1) In 1997, to 1814 W. 79th Street, Chicago, Illinois 60636 (the "West 79th Street Address"); and 2) In August 2000, to 11752 S. Watkins, Chicago, Illinois 60643 (the "South Watkins Address").

On October 1, 2001, the EEOC issued Cox a Dismissal and Notice of Rights Letter ("Right to Sue Letter" or "Letter"). The EEOC sent Cox's Right to Sue Letter by certified mail to his East 93rd Street Address. (Pltf's. Response to Def.'s Rule 56.1 Facts, Exhibit 5).[3] The post office attempted to deliver the Letter to Cox at the East 93rd Street address on October 20, 2001 and October 31, 2001. Id. On November 5, 2001, the post office returned the Letter to the EEOC as undeliverable. Id.

On December 28, 2001, Cox went to the EEOC's 500 West Madison Street, Suite 2800, Chicago, Illinois 60661 office to inquire about his Right to Sue Letter. (Cox Dep. Tr., pp.12-13). Cox discovered that the Letter was returned to the EEOC as undeliverable. Id. Cox picked up his Letter that same day. On March 21, 2002, Cox filed a complaint alleging race discrimination ("Complaint") against Home Depot in this Court. Cox's Complaint alleged that Home Depot discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981.

---

[3]"Pltf's Response to Def.'s Rule 56.1 Facts" refers to Plaintiff's Response to Defendant's Rule 56.1 Statement of Material Facts, dated May 12, 2003.

## B. Standard for Timeliness

Home Depot argues that Cox's filing of his Complaint in this court is untimely, and therefore barred, because he failed to file his lawsuit 90 days after the last attempted delivery of his Right to Sue Letter. Under Title VII, a Plaintiff must file a complaint within 90 days of receiving notice from the EEOC of the right to sue. 42 U.S.C. § 2000e-5(f)(1). This 90 day period commences when the claimant receives actual notice of the right to sue. Jones v. Madison Serv. Corp., 744 F.2d 1309, 1312 (7th Cir. 1984). However, "the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault." Houston v. Sidley & Austin, 185 F.3d 837, 839 (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)).

Cox filed his Complaint in this Court on March 21, 2002, 141 days from the last attempted delivery of his Right to Sue Letter at the East 93rd Street address, the last address the EEOC had on file for Cox. The Plaintiff argues that because he did not receive actual notice of his Right to Sue Letter until December 28, 2001, that should be the date from which he had 90 days to file his complaint. Therefore, Cox argues, his suit is timely filed. However, Cox's failure to receive his dismissal notice until December 28, 2001 was due to his failure to inform the EEOC of subsequent address changes. The Plaintiff's suit was untimely and therefore barred under 42 U.S.C. § 2000e-5(f)(1).

Cox argues that he believed that the IDHR would notify the EEOC of Cox's subsequent address changes. However, Cox signed an agreement which clearly stated that he was to notify both agencies, the IDHR and EEOC, of any address changes. Moreover, it is not the responsibility of the IDHR to notify the EEOC of subsequent changes in a claimant's address.

"The burden of providing the EEOC with changes of address is minimal. It is unreasonable to expect the EEOC to pore over its files and those of state administrative agencies, in an effort to ascertain which of the addresses contained therein is correct." St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984).

Finally, the Plaintiff argues that dismissal for failure to file in a timely matter would be harsh, due to the fact he was a pro se litigant at that time, and that principles of equitable tolling should apply. However, the plaintiff in Alverno was a pro se litigant as well, and the court held that the plaintiff in Alverno, even as a pro se litigant, had the obligation to fulfill the minimal burden of notifying the EEOC of any address changes. Id. Although Cox may have sincerely believed that the IDHR would notify the EEOC of subsequent address changes, the burden to notify the EEOC of address changes rested with him. Cox was obligated to directly notify the EEOC, and not to rely upon the IDHR. Therefore, this Court finds that the Plaintiff's Complaint in this Court is untimely and barred under 42 U.S.C. § 2000e-5(f)(1).

### III. Home Depot's Motion for Summary Judgment For Failure to Prove Prima Facie Case[4]

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[4]Although the Court's ruling that the Plaintiff's lawsuit is untimely and barred terminates Home Depot's second Summary Judgment Motion, the Court will still analyze and address the parties' briefs and arguments on whether the Plaintiff established a prima facie case of employment discrimination.

of law." Fed. R. Civ. Pro. 56(c); see also Schmidt v. Ottawa Medical Center, P.C., 322 F.3d 461, 463 (7th Cir. 2003). When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and makes all reasonable inferences in her favor. See Haywood v. Lucent Technologies, 323 F.3d 524 (7th Cir. 2003). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. Bombard v. Fort Wane Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996).

It is the moving party's burden to demonstrate the absence of genuine issues of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the moving party meets this burden, the non-moving party must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324. To successfully oppose the motion for summary judgment, the non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992).

### B. Analysis

A claim of discrimination may be established in one of two ways—under the direct method or the indirect burden-shifting method set forth in McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d. 668 (1973). See Haywood v. Lucent Technologies, 323 F.3d 524 (7th Cir. 2003).

Because Cox has not provided any evidence of direct discrimination, this Court will employ the McDonnell-Douglas burden shifting test. Cox must first establish a prima facie case

of racial discrimination by a preponderance of the evidence. Sample v. Aldi, Inc., 61 F.3d 544, 547 (7th Cir. 1995). Without a prima facie case, Cox cannot withstand summary judgment. See Gilty v. Village of Oak Park, 919 F.2d 1247, 1250 (7th Cir. 1990). To do so, Cox must show (1) he is a member of a protected class (2) his job performance met Home Depot's legitimate expectations, (3) he suffered an adverse employment action, and (4) that another person, similarly situated but not of the protected class, was treated more favorably. Stockett v. Muncie Indiana Transit System, 221 F.3d 997, 1000-02 (7th Cir. 2000); Geier v. Medtronic, Inc., 99 F. 3d 238, 241 (7th Cir. 1996). Once a plaintiff has made this showing, there is a presumption that he was discriminated against, and the employer must come forward with a legitimate, non-discriminatory reason for the employment action. See McDonnell Douglas, 411 U.S. at 802.

Cox alleges, as an African-American man (a member of a protected class), that his job performance met Home Depot's legitimate expectations, and that his hourly wage was less than that of his non-African-American co-workers, who were similarly situated. Cox alleges that Terrence Tabel ("Tabel"), John Ritter ("Ritter"), and Kenneth Kopfman ("Kopfman"), who all worked the night shift with Cox, were similarly situated to him, and that these individuals, who are Caucasian, were paid more than Cox because of their race. Cox has shown that he is a member of a protected class, his job performance met Home Depot's legitimate expectations, and that he was paid less than three Caucasian employees. In order to determine whether Cox has established a prima facie case of employment discrimination, this Court will analyze whether Cox was similarly situated to Tabel, Ritter, and Kopfman.

### 1. Standard For "Similarly Situated"

Under the fourth prong of the McDonnell-Douglas burden shifting test, a plaintiff must

show that another person, similarly situated but not of the protected class, was treated more favorably. See McDonnell- Douglas, 411 U.S. at 802. "To meet her burden of demonstrating that another employee is 'similarly situated', a plaintiff must show that there is someone who is directly comparable to her in all material respects." Patterson v. Avery Dennison Corporation, 281 F.3d 676, 680 (7th Cir. 2002) (citing Greer v. Board of Educ., 267 F.3d 723, 728 (7th Cir. 2001); Radue v. Kimberly-Clark Corp., 219 F. 3d 612, 618 (7th Cir. 2000); Spath v. Hayes Wheel Int'l-Ind., Inc., 211 F.3d 392, 396 (7th Cir 2000)). A court can consider whether employees had similar, "' experiences, education, and qualifications, and whether the employer took those factors into account when making the personnel decision in question'." Patterson, 281 F.3d at 680 (citing Radue, 219 F.3d at 618). In order to determine whether Cox was similarly situated with Tabel, Ritter, and Kopfman, the Court will compare Cox's prior employment history with the prior employment histories of these three individuals.

### a. Cox's Employment History Prior to Home Depot[5]

Prior to his initial employment with Home Depot in 1996, Cox worked for five months as a fundraiser with Illinois Public Action. (See Def. Supp. App, Exhibit C).[6] Prior to that

---

[5]In an Affidavit filed with this Court on September 5, 2003, Cox, for the first time, alleges that he has five years of home improvement experience, working under the direction of an individual named Jesse Davis. (Cox Aff. ¶¶ 6,7). Other than his affidavit, Cox offers no proof of this employment experience, and this experience was not mentioned in Cox's deposition, despite numerous questions concerning his prior employment history. " A plaintiff cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition." Piscione v. Ernst & Young L.L.P., 171 F.3d 527, 532-33 (7th Cir. 1999) (citing Darnell v. Target Stores, 16 F.3d 174, 176 (7th Cir. 1994)). Therefore, due to insufficient evidence, the Court will not consider Cox's alleged five years of experience of home improvement for Jesse Davis.

[6]"Def. Supp. App." refers to the Defendant's Supplemental Appendix of Exhibits in Support of its Motion for Summary Judgment.

experience, from July 1990 until October 1993, Cox spent three years as a forklift operator for Temple Inland in West Memphis, Arkansas. Id. From approximately October of 1987 until July of 1990, Cox was a Dairy Manager with Big Star Grocery, also located in West Memphis, Arkansas. Id. Finally, in the time between his termination and rehire by Home Depot (approximately five months), Cox was self-employed, and engaged in light paint work. Id. The Court will now address whether Cox's prior employment experiences deemed him similarly situated to Tabel, Ritter, and Kopfman.

### b. Cox's Employment History Compared With Relevant Work Experiences of Tabel, Kopfman, and Ritter

This Court finds that Cox was not similarly situated to Terrence Tabel. Prior to commencing his employment with Home Depot in 1995, Tabel was employed for five years with a direct competitor of Home Depot. (See Def. Supp. App., Exhibit J). Furthermore, Tabel was a night shift supervisor when Cox was employed as an associate during the night shift. As a supervisor, Tabel was not similarly situated to Cox, who was an associate. Therefore, Cox cannot be considered similarly situated to Tabel.

Secondly, this Court finds that Cox and John Ritter were not similarly situated. Prior to his employment with Home Depot, Ritter was employed for six years with a decorating company as a painter. (Def. Supp. App., Exhibit J). Cox had only infrequent house painting experience, and his experience as a forklift operator was not in the home improvement industry. Therefore, Home Depot could reasonably determine that Cox and Ritter were not similarly situated.

Finally, this Court finds that Kenneth Kopfman and Cox were not similarly situated. Kopfman was employed with Home Depot since October of 1995. (Def. Supp. App., Exhibit J).

As such, he was employed with Home Depot for over one year when Cox became a Night Crew Associate. Based on Home Depot's Associate Pay Policies, it was customary for individuals who were employed with Home Depot for at least one year to receive a pay raise. (Def. Supp. App., Exhibit C). Since Cox was only with Home Depot for a few months when he became a Night Crew Associate, Cox cannot be considered similarly situated to Kopfman. Furthermore, prior to his employment at Home Depot, Kopfman worked for a direct competitor of Home Depot for three years. (Def. Supp. App., Exhibit J). Therefore, Cox's argument that he was similarly situated to Kopfman fails.

### C. Pretext

Once an employer provides a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff must establish by a preponderance of the evidence that the stated reason was a pretext for discrimination. The Court's inquiry into pretext focuses not on the actual occurrence of the alleged acts but "whether the employer honestly believes in the reason it offers." Kralman v. Illinois Department of Veteran's Affairs, 23 F.3d 150, 156 (7th Cir. 1994) (citing McCoy v. WGN Cont'l Broad. Co., 957 F.2d 368, 373 (7th Cir.1992)): see also Timm v. Mead Corp., 32 F.3d 273, 275 (7th Cir. 1994).

The Court finds that no reasonable jury could determine that the reason Home Depot offered for failing to pay Cox more than $6.00 an hour was merely pretext. Home Depot honestly believed, based on their knowledge of Cox's employment history at the time, that he lacked sufficient experience to pay him more than $6.00 per hour when he was rehired in October of 1996. Furthermore, Home Depot has a general policy of not increasing the salary of a new associate until they are with Home Depot for a year. (Def. Supp. App., Exhibit C).

-11-

Finally, Cox argues that he was told that Home Depot provided a higher base salary to workers on the night shift. However, Cox provides no evidence of this policy other than describing conversations with Assistant Store Manager Benson. This is not sufficient evidence to conclude that Home Depot did have a higher base salary for night workers which it denied Cox, who is African-American, yet Home Depot paid that night incentive to Caucasian night associates. Through affidavits, declarations and presentation of its salary policies, Home Depot has provided sufficient evidence to show that there was no general policy of providing a higher base pay to night associates. Home Depot has also provided sufficient evidence to show that, because of Cox's lack of home improvement experience, the company had a legitimate reason for keeping Cox's pay at $6.00 per hour.

## IV. Conclusion

Cox's claim is untimely and barred under 42 U.S.C. § 2000e-5(f)(1). Furthermore, Cox fails to establish a prima facie case of employment discrimination. Therefore, the Court GRANTS Home Depot's Motions for Summary Judgment. This case is closed.

Enter:

David H. Coar

United States District Judge

Dated: October 7, 2003